ELI A. SAKS, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.— Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: The evidence presented a question of fact as to whether the records relating to the loss of November 30, 1949, were kept in such a manner that the company could accurately determine therefrom the amount of the loss suffered as the result of that robbery. The jury's affirmative answer to that question is, as we view it, in accord with the weight of the evidence. The court, however, in its order directing judgment erroneously included an item of $100 which did not appear on the record considered by the jury. There is no evidence that the plaintiff kept any records from which the company could accurately determine the amount of the loss resulting from the robbery of December 10, 1949. The jury's verdict in answer to the question relating to the loss on December 10, 1949, should therefore be set aside. The order directing judgment erroneously included this loss in the amount of $160.05. The judgment in favor of the plaintiff should accordingly be reduced to the extent of $260.05. The judgment appealed from should be so modified and, as modified, affirmed. All concur, except Vaughan, J., who dissents and votes for reversal and for granting a new trial, in the following memorandum: The amount of loss sustained by the insured depends entirely upon the amount of cash on hand at the opening of business on November 30, 1949. That sum the insured attempts to establish by Exhibit 5 which purports to show $3,552 on hand the morning of the holdup. To establish the loss claimed to have been sustained by the holdup, plaintiff adds to the amount on hand that morning for the purpose of cashing pay checks the sum of money in the cash register not used in cashing checks, plus the day's receipts, and deducts therefrom the amount used in cashing checks and the cash on hand following the holdup. The loss arrived at by that method amounts to $1,510. I have no fault with the method adopted to establish the loss. The accuracy of the loss, however, depends entirely upon whether Exhibit 5 correctly shows the amount which the plaintiff withdrew from the bank on the morning of November 11, 1949, for the purpose of cashing pay checks. Upon the argument counsel was asked whether the amount of $3,552 claimed to have been on hand on November 30, 1949, was a carry-over from the previous day's business or was it withdrawn from the bank on that day in anticipation of cashing checks. The answer was that it was withdrawn from the bank. The withdrawal check or bank statement showing withdrawal, to my mind, are the only records contemplated by the policy that can properly be considered in determining the amount of money on hand on the morning of the day of the holdup from which the defendant could accurately determine the loss. Those records are not before us. It is my opinion that Exhibit 5, when considered separate and apart from the withdrawal check or bank statement is not a record upon which the insured could accurately determine therefrom the amount of loss and does not comply with the requirements of the policy. (Appeal from a judgment for plaintiff in an action under a robbery insurance policy.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.